FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 06 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GELSOMNIA MANIELLO,

        Plaintiff,

        -against-

STATE FARM FIRE AND CASUALTY
COMPANY, ARGYRIS TSENESIDIS and
POLYTIMI TSENESIDIS

        Defendants.
------------------------------------------------------------x

16-cv-1598 (NG)(LB)

**OPINION & ORDER**

GERSHON, United States District Judge:

Before the court is defendant State Farm Fire and Casualty Company's ("State Farm's") motion to dismiss plaintiff Gelsomina Maniello's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, defendant's motion is granted and plaintiff's complaint is dismissed with prejudice as to State Farm.

I.    **Factual and Procedural Background**

Plaintiff brought this action for declaratory judgment, breach of contract and bad faith against State Farm in New York state court on March 3, 2016. Plaintiff's claims stem from denial of insurance coverage for damage to plaintiff's property in Whitestone, New York (the "property"), for which plaintiff had purchased a homeowner's insurance policy (the "policy") from State Farm. Complaint ¶¶8-9; Policy (Welch Decl. Ex. B) at 1. Plaintiff's neighbors, Argyris and Polytimi Tsenesidis ("the Tsenesidises") are also named as defendants; however the complaint sets forth no allegations against, and seeks no relief from, the Tsenesidises. The complaint alleges that the Tsenesidises are named "as nominal Defendants in order to provide them with notice of the action." Complaint ¶7.

The policy was in effect from November 1, 2005 to November 1, 2006. Complaint ¶9. The text of the policy provides that "[n]o action shall be brought unless there has been compliance with the policy provisions and the action is started within two years after the occurrence causing loss or damage." Policy at 34.

In or around April 2006, the retaining wall of the property was damaged. Plaintiff submitted a claim to State Farm for that damage that month. Complaint ¶9; May 8, 2006 Letter Disclaiming Coverage (Carriero Decl. Ex. A) ("May 8 Letter") at 1. On May 8, 2006, State Farm disclaimed coverage of plaintiff's claim, informing plaintiff that the damage was excluded from her coverage under the policy. Complaint ¶¶16-17; May 8 Letter. Specifically, State Farm explained that plaintiff's policy did not cover damage from earth movement and that all the damage to plaintiff's property had resulted from earth movement that had caused "soil retained by the seawall [to become] misplaced." May 8 Letter at 1-3. State Farm's letter disclaiming coverage noted that an inspection showed that this earth movement had been caused by excavation and construction on an adjacent property. *Id.* at 1.

As a result of State Farm's denial of coverage, plaintiff believed she did not have a valid claim under the policy. Complaint ¶18. Plaintiff proceeded to sue the Tsenesidises in New York state court, claiming they caused the collapse of her retaining wall and seeking money damages. *Id.* ¶¶18-22. That action was scheduled for trial at the time this complaint was filed. *Id.* ¶23.

Plaintiff does not dispute that the present action, brought in 2016, was filed almost ten years after the damage to the property and State Farm's disclaimer of coverage, well outside of both the two-year limitations period set forth in the policy and the six-year limitation for contract claims set forth in N.Y. C.P.L.R. § 213(2). Plaintiff, however, claims that these limitations should be tolled because State Farm should have known about plaintiff's action against the

2

Tsenesidises and should have informed the Tsenesidises of its disclaimer of coverage. Complaint ¶¶24-28. Plaintiff does not allege that the Tsenesidises were parties to the policy or that she informed State Farm of her action against the Tsenesidises.

State Farm removed this action to this court on April 1, 2016, and then moved to dismiss plaintiff's claim on July 8, 2016. State Farm argues that plaintiff's claims are time-barred. State Farm further contends that, even if I do not dismiss the claims as time-barred, plaintiff's declaratory judgment and bad faith claims should be dismissed because (1) declaratory relief is an inappropriate remedy and represents nothing more than a duplicative claim for breach of contract, and (2) there is no standalone cause of action for bad faith recognized in New York.

On this motion to dismiss, defendant has offered the policy itself, and plaintiff has offered State Farm's letter disclaiming coverage. Neither document was attached to the complaint. I have, however, considered both these documents, as they are integral to the complaint, which refers to both the contract and the denial of coverage, and relies heavily on the terms and effect of both. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 234 (2d Cir. 2016). No dispute exists regarding the authenticity or accuracy of these documents, and there is no material disputed issue of fact regarding their relevance. *See id.* at 231. For these reasons, it is unnecessary to convert this Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *See In re Bank of N.Y. Mellon Corp. Forex Transactions Litig.*, 921 F. Supp. 2d 56, 70 n.79 (S.D.N.Y. 2013); *see also Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

## II. Discussion

### a. Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### b. Plaintiff's claim for breach of contract is time-barred

New York law generally allows parties to a contract six years to file suit for an alleged breach of contract, accruing from the date of the breach. N.Y. C.P.L.R. § 213(2); *Med. Facilities, Inc. v. Pryke*, 62 N.Y.2d 716, 717 (1984). However, parties to a contract may agree to shorter limitations periods, which are normally enforceable when they are reasonable and in writing. *John J. Kassner & Co. v. City of N.Y.*, 46 N.Y.2d 544, 550 (1979). In this instance, the parties agreed to a two-year limitations period, accruing from the date of the "occurrence causing loss or damage." Policy at 34. Plaintiff does not dispute that the alleged breach of the policy is subject to these limitations, but argues that they should not be enforced for several reasons, all unavailing.

The two-year contractual statute of limitations is enforceable—as such limitations typically are—and so bars plaintiff's contract claims. *See e.g. Pfeffer v. Harleysville Grp., Inc.*, 2011 WL 6132693, at *7 (E.D.N.Y. Sept. 30, 2011), *aff'd*, 502 F. App'x 28 (2d Cir. 2012). Plaintiff asserts that the contractual limitations period should not be enforced because it runs

4

from the date of the occurrence underlying a claim, and not the date of the denial of that claim, arguing, in an attorney's declaration, that if such a provision were enforceable, insurance companies would simply wait two years before denying any claim, and thereby make themselves immune from suit. Carriero Decl. ¶11.

Contractual statutes of limitations are enforceable unless the contract imposes a condition precedent on a suit that cannot be met within the limitations period. *See e.g. Fabozzi*, 601 F.3d at 92; *Myers, Smith & Granady Inc. v. N.Y. Prop. Ins. Underwriting Ass'n*, 85 N.Y.2d 832, 833 (1995); *cf. Exec. Plaza, LLC v. Peerless Ins. Co.*, 22 N.Y.3d 511, 518 (2014) (two-year statute of limitations running from date of fire that damaged property was unenforceable where contract required that suit could not be filed until replacement of property was complete, and replacement could not reasonably occur within two years). No such condition was present here—State Farm's denial of coverage was complete within two weeks of the alleged loss, and plaintiff could have initiated suit at that point, in May of 2006. May 8 Letter at 1. Whether the limitations are calculated to run from the date that earth movement damaged the property or the date that the claim against the policy was denied, plaintiff's claims fall outside both the contractual and the statutory limitations period.

Plaintiff's next argument against enforcement is that any statute of limitations should be tolled because State Farm should have known about plaintiff's action against the Tsenesidises and should have informed the Tsenesidises of its disclaimer of coverage. Complaint ¶¶24-28. This argument amounts to a request that this court apply the doctrine of equitable estoppel, which prevents the assertion of a statute of limitations defense when "a defendant's affirmative wrongdoing is responsible for the delay between a cause of action's accrual and the filing of

a lawsuit[.]" *Corp. Trade, Inc. v. Golf Channel*, 2013 WL 5375623, at *6 (S.D.N.Y. Sept. 24, 2013), *aff'd*, 563 F. App'x 841 (2d Cir.2014) (internal quotations omitted). Equitable estoppel is appropriate in the insurance context if "a carrier engages in a course of conduct which lulls the policy holder into inactivity in the belief that its claim will be paid, or where the insured is induced by fraud or misrepresentation to refrain from commencing a timely action." *Plon Realty Corp. v. Travelers Ins. Co.*, 533 F.Supp.2d 391, 395 (S.D.N.Y.2008) (citations omitted).

Plaintiff's conclusory allegations that State Farm should have informed the Tsenesidises of the denial of coverage, so that the Tsenesidises could contest that denial, do not support tolling the two-year or six-year limitations periods. That the Tsenesidises may have had an interest in whether or not plaintiff was insured—insofar as they had an interest in avoiding plaintiff's suit against them—does not create a duty on State Farm's behalf to advise the Tsenesidises of the denial of coverage. Plaintiff identifies no facts or law to the contrary. Furthermore, even if State Farm somehow had been obligated to inform the Tsenesidises of the denial of plaintiff's claim, there is nothing in the complaint or integral documents that suggests State Farm's alleged failure to do so would toll a claim by plaintiff, rather than by the Tsenesidises.

Finally, plaintiff argues for estoppel of limitations based on certain text in the letter denying coverage that State Farm sent to plaintiff. May 8 Letter at 1-4. In that letter, State Farm says it will not pay for "damage to the sea wall under your policy." *Id.* at 4. Plaintiff argues in an attorney's declaration that she pleaded damage to her sea wall and "other property damage." She then argues that State Farm never made any determination of coverage as to "other property damage," and therefore no statute of limitations has yet begun to run. Carriero Decl. ¶9. Plaintiff has failed to plausibly plead facts which would establish a potential breach of the policy as to any claim for the "other property" damage. Plaintiff filed a single claim with State Farm,

6

for which coverage was completely disclaimed. May 8 Letter at 1-4. Her allegation that no statute of limitations has begun to run as to any claim under the policy because State Farm did not disclaim an unspecified separate claim for "other property" damage does not appear in the complaint and is not supported by any reading of the integral documents. Plaintiff's claims are barred by the contractual statute of limitations.

### c. Plaintiff's remaining claims for declaratory judgment and bad faith are duplicative of her breach of contract claims and are time-barred

Plaintiff's claim for declaratory relief is duplicative of her claim for breach of contract and is time-barred for the same reasons. *See Vigilant Insurance Co. of America v. Housing Authority*, 87 N.Y.2d 36, 40-41 (1995). Plaintiff's claim for "bad faith" is not recognized by New York law. *Sikarevich Family L.P. v. Nationwide Mut. Ins. Co.*, 30 F. Supp. 3d 166, 171 (E.D.N.Y. 2014). Even if her bad faith claim is interpreted as a cognizable claim for a breach of the covenant of good faith and fair dealing implicit in contracts, it does not constitute a distinct claim where it is premised on the same facts as a claim for breach of contract. *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002). Furthermore, any claims for breach of this implicit covenant are barred by the same contractual statute of limitations as plaintiff's contract claims. *Barrie House Coffee Co. v. Teampac, LLC*, 2016 WL 3645199, at *12 (S.D.N.Y. June 30, 2016).

## III. Conclusion

For the reasons above, and because plaintiff has not requested the opportunity to amend the complaint or suggested that there are additional facts that would cure its fatal deficiencies, State Farm's motion to dismiss is granted without leave to amend. *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011). The Clerk of Court is directed to close the case as to State Farm Fire and Casualty Company. Plaintiff and the remaining defendants are to submit a status report by February 21, 2017, advising the court as to the status of the litigation regarding the remaining defendants.

SO ORDERED.

/s/ Nina Gershon
NINA GERSHON
United States District Judge

Dated: February 6, 2017
Brooklyn, New York